JAMES F. CLAPP (145814)
jclapp@clapplegal.com
MARITA MURPHY LAUINGER (199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel: 760-209-6565 ext. 101
Fax: 760-209-6565

EDWARD J. WYNNE (165819)
Ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF (262058)
Gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Tel: 415-461-6400
Fax: 415-461-3900

Attorneys for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRANDON CUBIT, individually, and on behalf of a class of similarly situated persons,

Plaintiff,

v.

OMNI FAMILY HEALTH,

Defendant.

CASE NO.

**CLASS ACTION COMPLAINT FOR:**

1. **NEGLIGENCE**
2. **BREACH OF IMPLIED CONTRACT**
3. **UNJUST ENRICHMENT**
4. **CAL. CONSUMER PRIVACY ACT**
5. **CAL. CUSTOMER RECORDS ACT**
6. **CONFIDENTIALITY OF MEDICAL INFORMATION ACT**
7. **UNFAIR COMPETITION LAW**

Plaintiff Brandon Cubit ("Plaintiff") brings this lawsuit against defendant Omni Family Health ("Omni"), on behalf of himself and all others similarly situated (the "Class" or "Class Members"), for violation of their rights as described herein.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this is a class action in which at least one member of the Class is a citizen of a state different from Omni and the amount in controversy exceeds $5 million exclusive of interest and costs.

2. Venue is proper in this judicial district because Omni has its principal place of business in this district and a substantial part of the events or omissions giving rise to these claims occurred in this district.

## PARTIES

3. Plaintiff is an individual residing in the State of California.

4. Omni is a California nonprofit corporation with its principal place of business in Kern County, California.

## GENERAL ALLEGATIONS

5. In August 2024, unauthorized persons accessed Omni's information systems and stole the personal identifiable information ("PII") and protected health information ("PHI") (collectively "Private Information") of Plaintiff and the Class Members (the "Data Breach"). Omni did not discover the Data Breach until August 7, 2024. On August 23, 2024, the unauthorized persons made all of the Private Information publicly available.

6. Not until October 10, 2024 did Omni began notifying Plaintiff and the Class Members that unauthorized persons had stolen their Private Information, which included their names, addresses, dates of birth, social security numbers, health insurance plan information, financial information, and private medical information.

7. Basic industry standards for protecting Private Information include (among other things) developing and maintaining a security policy that covers all aspects of the business, installing firewalls to protect data, and encrypting Private Information. Because

Omni failed to discover the Data Breach until after it occurred, Omni likely failed to maintain adequate safeguards to monitor access to, and activity, on its systems. As such, Omni's conduct fell below the industry standard and standard of care for protecting Private Information.

8. As a result of Omni's lax security, hackers accessed and made public the Private Information in a readily usable form, causing Plaintiff and Class Members to be exposed to criminals seeking to use the Private Information for illegal activities, such as identity theft schemes. On information and belief, Plaintiff's and the Class Members' Private Information was accessed, exfiltrated, stolen, and disclosed and/or is still for sale to criminals. Given the sensitive nature of the Private Information, Plaintiff and the Class Members face a lifetime risk of identity theft.

9. Private Information is valuable to criminals, as evidenced by the prices they will pay through the dark web. On information and belief, Private Information can be sold at a price ranging from $40 to $500. Criminals can also package and sell the Private Information of a group of individuals and sell it for an even greater sum.

10. The criminals' theft of Plaintiff's and the Class Members' Private Information invaded their privacy interests, decreased the value of their Private Information, and placed them at imminent, immediate, and continuing risk of further identity theft-related harm. Plaintiff expects that he and the Class Members will need to spend time and money on credit monitoring, including the expense of a credit monitoring service, as part of a reasonable effort to mitigate against such harm and will continue to incur such expenses on an ongoing basis.

11. Plaintiff brings this lawsuit on behalf of Class Members whose Private Information was compromised as a result of the Data Breach and Omni's failure to: (i) implement and maintain reasonable security procedures and practices appropriate to the nature of the Private Information; (ii) disclose its inadequate security procedures and practices; (iii) effectively monitor its systems for security vulnerabilities; and (iv) timely detect, report, and disclose the vulnerabilities that resulted in the Data Breach.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action under Federal Rules of Civil Procedure 23. Plaintiff seeks relief and behalf of himself and for the following Class:

> All individuals residing in the United States whose Private Information was accessed or otherwise compromised in the Data Breach that, according to Omni, occurred in or about August 2024.

Excluded from the Class are the following individuals: Omni's officers, directors; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

13. The Class is so numerous that the individual joinder of its members is impracticable. While the exact number and the identities of Class Members are not known at this time, the number of Class Members is likely in excess of 470,000.

14. Questions of law and fact of common and general interest to the Class exist and predominate over any questions affecting only individual members. These common questions include, among others, the following:

a) Whether and when Omni actually learned of the Data Breach and whether its response was adequate;

b) Whether Omni owed a duty to the Class Members to exercise due care in collecting, storing, safeguarding, and/or obtaining their Private Information;

c) Whether Omni breached that duty;

d) Whether Omni implemented and maintained reasonable security procedures and practices appropriate to the nature of storing Plaintiff's and Class Members' Private Information;

e) Whether Omni acted negligently in connection with the monitoring and/or protecting of Plaintiff's and Class Members' Private Information;

f) Whether Omni violated their own security and privacy contractual terms of service and whether they failed to comply with their own privacy and data security

policies and protocols in the manner represented by them;

g) Whether Omni knew or should have known that they did not employ reasonable measures to keep Plaintiff's and Class Members' Private Information secure and prevent loss or misuse of that Private Information;

h) Whether Omni adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

i) Whether Omni caused Plaintiff and Class Members damage;

j) Whether Omni timely notified Plaintiff and the Class Members that their PII had been compromised;

k) Whether Plaintiff and the other Class Members are entitled to credit monitoring and other monetary relief; and

l) Whether Omni violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices.

15. Plaintiff's claims are typical of those of other Class Members because all had their Private Information compromised as a result of the Data Breach due to Omni's acts and omissions.

16. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's interests are not antagonistic or irreconcilably conflict with the interests of the other members. Plaintiff is represented by attorneys who are competent and experienced in consumer class action litigation.

17. A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the individual damage and harm suffered by each individual Class Member may be relatively small compared to the expense and burden of prosecuting such an individual case, and the difficulty of discovering and remedying the wrongdoing of Omni. If individual Class Members were required to bring separate actions, courts would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the

delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

18. Omni has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or declaratory relief appropriate.

19. Notice of the pendency of and any resolution of this action can be provided to the Class Members by individual mailed notice or the best notice practicable under the circumstances.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE)**

20. Plaintiff incorporates the allegations set forth above.

21. Omni owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, using, and protecting their Private Information from unauthorized third parties.

22. The duties owed by Omni to Plaintiff and Class Members include, but are not limited to, the following:

a) To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Private Information of Plaintiff and Class Members within their possession;

b) To follow their own policies and procedures and terms of service related to privacy and Private Information data protection;

c) To protect Private Information of Plaintiff and Class Members in its possession by using reasonable and adequate data security practices and procedures to inhibit and prevent compromise of Private Information; and

d) To implement practices and procedures to quickly detect and timely act on data breaches, including promptly notifying Plaintiff and Class Members of the Data Breach.

23. Omni breached its duties owed to Plaintiff and the Class Members. Omni knew or should have known the risks of maintaining and storing Private Information, the

importance of following published and industry-standard security protocols, and the importance of maintaining secure systems.

24. Omni knew or should have known that its security procedures and practices did not adequately safeguard Plaintiff's and the other Class Members' Private Information. Omni also failed to timely detect the Data Breach, failed to timely notify Plaintiff and Class Members, and failed to encrypt, redact, and password protect the Class Members' Private Information.

25. Through Omni's acts and omissions described in this Complaint, Omni failed to provide adequate security to protect the Private Information of Plaintiff and the Class from being accessed and compromised.

26. Omni breached the duties its owed to Plaintiff and Class Members in several ways, including:

a) Failing to implement adequate and reasonable security systems, protocols, and practices sufficient to protect Class Members' Private Information, creating a foreseeable risk of harm;

b) Failing to comply with the minimum industry security standards for data security;

c) Failing to act despite knowing or having reason to know that Omni' systems were vulnerable to attacks; and

d) Failing to timely and accurately disclose to Plaintiff and Class Members that their Private Information was captured, accessed, exfiltrated, stolen, disclosed, viewed, and/or misused.

27. Due to Omni's conduct, Plaintiff and Class Members require, among other things, extended credit monitoring. The Data Breach creates an increased risk for identity theft and other types of financial fraud against the Class Members. The consequences of identity theft are serious and long-lasting. There is a benefit to early detection and monitoring.

/ / /

28. On information and belief, as a result of Omni's negligence, Plaintiff and Class Members suffered injuries and damages that include and/or may include: (i) the lost or diminished value of Private Information; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the data breach, including but not limited to time spent deleting phishing email messages and cancelling credit cards believed to be associated with a compromised account; (iv) the continued risk to their PII, which can remain for sale on the dark web, subject to further unauthorized access and disclosure; (v) future costs in terms of time, effort, and money that will be expended to prevent, monitor, detect, contest, and repair the impact of the Private Information compromised as a result of the data breach, including ongoing credit monitoring.

29. The injuries, which also include an invasion of privacy rights, were reasonably foreseeable given the history of security breaches of this nature. The injury and harm that Plaintiff and Class Members suffered was the direct and proximate result of Omni' negligent conduct.

## SECOND CAUSE OF ACTION

## (BREACH OF IMPLIED CONTRACT)

30. Plaintiff incorporates the allegations set forth above.

31. Omni required Plaintiff and Class Members to provide, or authorize the transfer of, their Private Information in order for Omni to provide services. In exchange, Omni entered into implied contracts with Plaintiff and Class Members in which Omni agreed to comply with their statutory and common law duties to protect Plaintiff's and Class Members' Private Information and to timely notify them in the event of a data breach.

32. Plaintiff and Class Members would not have provided their Private Information to Omni had they known that Omni would not safeguard their Private Information as promised or provide timely notice of a data breach.

/ / /

33. Plaintiff and Class Members fully performed their obligations under their implied contracts with Omni.

34. Omni breached the implied contracts by failing to safeguard Plaintiff's and Class Members' Private Information and by failing to provide them with timely and accurate notice of the Data Breach.

35. The losses and damages Plaintiff and Class Members sustained (as described above) were the direct and proximate result of Omni's breach of their implied contracts with Plaintiff and Class Members.

## <u>THIRD CAUSE OF ACTION</u>

## (UNJUST ENRICHMENT)

36. Plaintiff incorporates the allegations set forth above.

37. Plaintiff and Class Members conferred a monetary benefit upon Omni in the form of monies paid in exchange for services.

38. Omni accepted or had knowledge of the benefits conferred upon it by Plaintiff and Class Members. Omni also benefited from the receipt of Plaintiff's and Class Members' Private Information.

39. As a result of Omni's conduct, Plaintiff and Class Members suffered actual damages in an amount equal to the difference in value between their payments made with reasonable data privacy and security practices and procedures that Plaintiff and Class Members paid for, and those payments without reasonable data privacy and security practices and procedures that they received.

40. Omni should not be permitted to retain the money belonging to Plaintiff and Class Members because Omni failed to adequately implement the data privacy and security procedures for themselves that Plaintiff and Class Members paid for and that were otherwise mandated by state laws and industry standards.

41. Omni should be compelled to provide for the benefit of Plaintiff and Class Members all unlawful proceeds received by it as a result of the conduct and Data Breach alleged herein.

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT)**

42. Plaintiff incorporates the allegations set forth above.

43. Omni violated California Civil Code § 1798.150 of the CCPA by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the nonencrypted Private Information of Plaintiff and the Class. As a direct and proximate result, Plaintiff and Class Members' unencrypted and unredacted Private Information was subject to unauthorized access and exfiltration and theft.

44. Omni is a "business" under the meaning of California Civil Code § 1798.140 because Omni is a "corporation, association, or other legal entity that is organized or operated for the profit or financial benefit of its shareholders or other owners" that "collects consumers' personal information" and is active "in the State of California" and "had annual gross revenues in excess of twenty-five million dollars ($25,000,000) in the preceding calendar year." Civil Code § 1798.140(d).

45. Plaintiff seeks injunctive or other equitable relief to ensure Omni hereinafter adequately safeguards Private Information by implementing reasonable security procedures and practices. Such relief is particularly important because Omni continues to hold Private Information, including Plaintiff's and Class Members' Private Information. Plaintiff has an ongoing interest in ensuring that his and Class Members' Private Information is reasonably protected, and Omni has demonstrated a pattern of failing to adequately safeguard this information.

46. Pursuant to California Civil Code § 1798.150(b), Plaintiff mailed a CCPA notice letter to Omni's registered service agents, detailing the specific provisions of the CCPA that Omni has violated and continues to violate. If Omni cannot cure within 30 days—and Plaintiff believes such cure is not possible under these facts and circumstances—then Plaintiff intends to promptly amend this Complaint to seek statutory damages as permitted by the CCPA. In the meantime, Plaintiff seeks actual pecuniary damages resulting from the violation.

/ / /

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT)**

47. Plaintiff incorporates the allegations set forth above.

48. The California Customer Records Act, Civil Code § 1798.80 *et seq.* requires any organization conducting business in California to disclose to affected persons any breach of its computer system that allows an unauthorized person to acquire unencrypted personal information.

49. Such disclosures must occur immediately following discovery of the breach if personal information is known or reasonably believed to have been acquired by unauthorized persons.

50. Omni failed to disclose the Data Breach within the time period required under the California Customer Records Act.

51. Omni's delay caused Plaintiff and Class Members harm and damage by preventing them from taking timely mitigation measures in response to the Data Breach.

52. Plaintiff and Class Members are entitled to damages and equitable relief in amounts to be proved at trial.

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT)**

53. Plaintiff incorporates the allegations set forth above.

54. Omni is subject to the Confidentiality of Medical Information Act, Civil Code §56 *et seq.*, because it is a provider of health care.

55. In the course of providing health care, Omni created, maintained, preserved, stored, abandoned, destroyed, and disposed of PMI, but negligently failed to preserve the confidentiality of the information contained therein.

56. Omni negligently failed to take reasonable precautions to ensure its computer systems were protected from access by unauthorized persons, which resulted in the release of PHI and confidential medical information.

/ / /

57. Plaintiff and the Class Members sustained economic loss as a result of the authorized disclosure of their PHI and confidential medical information.

58. As a result of Omni's violations, Plaintiff and Class Members are entitled to actual damages, statutory damages, punitive damages, and attorneys' fees and costs in amounts to be proved at trial.

**SEVENTH CAUSE OF ACTION**

**(VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW)**

59. Plaintiff incorporates the allegations set forth above.

60. Omni has engaged and continues to engage in acts and practices of unfair competition, as that term is defined in California Business & Professions Code section 17200. As used in this Complaint, "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business & Professions Code sections 17200 and 17203.

61. Omni engaged in unlawful acts and practices by establishing the sub-standard security practices and procedures described herein; by obtaining Plaintiff's and Class Members with knowledge that the information would not be adequately protected; and by storing Plaintiff's and the Class Members' Private Information in an unsecure electronic environment.

62. In addition, Omni engaged in unlawful acts and practices by failing to disclose the Data Breach in a timely manner.

63. As a result of Omni's unlawful, unfair, or fraudulent business practices as alleged herein, Plaintiff and Class Members suffered injury in fact and lost money or property, including but not limited to the price received by Omni for the services, the loss of the legally protected interest in the confidentiality and privacy of their Private Information, and additional losses as described above.

64. Pursuant to Business & Professions Code section 17203, the Court may enjoin such conduct in the future on behalf of the Class and the general public; obtain a provision for a corrective notice; and compel Omni to restore to Plaintiff and Class Members any money or property that Omni may have acquired or retained as a result of any act or practice that

constitutes unfair competition. Plaintiff further seeks an order requiring Omni to disgorge any profits Omni may have obtained as a result of this conduct.

65. Plaintiff seeks, among other things, restitution to Plaintiff and Class Members of money or property that Omni may have acquired by means of their business practices alleged herein, restitution and disgorgement of all profits accruing to Omni because of such practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief as may be applicable to the causes of action set forth above:

A. An order certifying the Class as defined herein, and appointing Plaintiff and his counsel to represent them;

B. An order enjoining Omni from engaging in the wrongful conduct alleged herein;

C. An order instructing Omni to purchase or provide funds or additional funds for credit monitoring and other protective services for Plaintiff and all Class Members;

D. An award of compensatory and statutory damages, in amounts to be determined;

E. An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Omni's wrongful conduct;

F. An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law; and

G. Such other and further relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: December 6, 2024

Respectfully submitted,

CLAPP & LAUINGER LLP
WYNNE LAW FIRM

*/s/James F. Clapp*
JAMES F. CLAPP
Attorneys for Plaintiff and the Class