UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CUBIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNI FAMILY HEALTH,<br><br>Defendant. | Case No. 1:24-cv-01491-KES-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 4) |

On December 6, 2024, Plaintiff Brandon Cubit ("Plaintiff") initiated this action with the filing of a complaint, asserting claims on behalf of himself and a putative class against Defendant Omni Family Health. (Doc. 1).

Pending before the Court is Plaintiff's notice of voluntary dismissal of this action without prejudice. (Doc. 4).

Plaintiff's notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(i) and Plaintiff is entitled to dismiss his individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P.

23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss the putative class claims under Rule 41(a)(1) without prejudice. (Doc. 4). No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE this case and adjust the docket to reflect voluntary dismissal without prejudice, pursuant to Rule 41(a)(1)(i), as to both Plaintiff's individual claims and the putative class claims.

IT IS SO ORDERED.

Dated:   **December 20, 2024**

UNITED STATES MAGISTRATE JUDGE